***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMAL GIBBS, | : | |
| Plaintiff, | : | Civil Action No.: 14-7138 (MAS) |
| v. | : | **OPINION** |
| UNIVERSITY CORRECTIONAL HEALTHCARE, et al., | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Jamal Gibbs ("Plaintiff") brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983 and other state law claims, alleging violations of his constitutional rights, intentional infliction of emotional distress, and negligence by the various defendants. Presently before the Court is a Motion to Dismiss ("Motion") from Defendant Antonio Campos ("Campos"), seeking to dismiss all claims against him. (ECF No. 17.) For the reasons stated below, the Court grants the Motion, dismisses all constitutional claims against Campos, but Campos is not dismissed as a defendant because Campos has yet to respond to Plaintiff's Amended Complaint.

**I.     FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court construes all facts alleged by Plaintiff as true, and in the light most favorable to him. This action arises out of Plaintiff's allegations that various defendants failed to provide him with adequate medical services after he broke his hand. (Am. Compl. 5, ECF No. 43.) The Amended Complaint provides detailed factual allegations regarding the treatment, or the lack thereof, that Plaintiff received for his broken hand, and other allegations

of statements from various defendants about how Plaintiff received inadequate medical services, or at the very least delayed services, which resulted in permanent disabilities. (*See* Am. Compl. 5-9.) Plaintiff further alleges that he "filed approximately (20) Institutional remedy forms that are routinely disregarded by Associate Administrator Antonio S. Campos who Completely Ignores my Medical Issues dealing with everything from lack of treatment to Physical pain." (*Id.* at 8.) However, there are no allegations that Campos was directly involved in the provision of medical services, or that he personally acknowledged the alleged deficient treatment.

After the Court ordered answers from defendants, (*see* Order, Dec. 12, 2014, ECF No. 2), Campos filed the instant Motion. While the Motion was pending, Plaintiff moved to amend the Complaint. (Pl.'s Letter, Aug. 6, 2015, ECF No. 42.) The Magistrate Judge granted the motion to amend, (Order, Aug. 13, 2015, ECF No. 44), and an Amended Complaint was filed, (*see* Am. Compl., ECF No. 43). Campos has yet to respond to the Amended Complaint.

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

2

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## III. DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

As the Court pointed out earlier, Campos has not responded to the Amended Complaint. Nevertheless, the Court will deem the Motion as being directed at the Amended Complaint. *See Heilman v. T.W. Ponessa & Assocs.*, No. 07-1308, 2008 WL 275731, at *1 (M.D. Pa. Jan. 30, 2008); 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 15 (2015) ("[A] trial court has discretion to deny the [Rule 12(b)(6)] motion as moot (thereby effectively requiring a new motion) or to consider the merits of the motion as applied to the amended complaint."). Since Plaintiff was on notice of the Motion prior to the filing his Amended Complaint, the Court may grant the Motion if it finds that Plaintiff did not cure the deficiencies

identified in the Motion in the Amended Complaint. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 145 (3d Cir. 2002) (upholding a district court's grant of a 12(b)(6) motion because the plaintiff did not cure the deficiencies identified in the motion in his amended complaint).

Campos's sole argument for dismissal is that all constitutional claims against him fail to state a claim upon which relief may be granted, because *respondeat superior* claims are not actionable under § 1983. The Court agrees. In a § 1983 claim, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* While affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still show that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd on other grounds); *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). "[A]llegations [that] . . . merely assert their involvement in the post-incident grievance process" are insufficient to establish liability. *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005). "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).

Here, Plaintiff alleges that he has filed twenty grievances with the prison. (Am. Compl. 8.) However, other than this allegation, Plaintiff makes no further allegations that Campos had direct knowledge of his complaints. Indeed, all Plaintiff alleges, in a conclusory fashion with

regard to Campos, is that "[a]s Administrator of the prison, [Campos] manages its remedy forms and issues at the prison[,] its day to day operations and executes policies," and that "Antonio Campos . . . who supervised the defendants . . . encouraged and tolerated policies and practices described in the foregoing paragraphs." (*Id.* at 2, 9.) There is no allegation that Campos had actual knowledge of Plaintiff's grievances, nor is there any allegation that Campos acquiesced in the alleged constitutional violations by his subordinates. Plaintiff's conclusory allegations are insufficient to state a claim against Campos. Even if Plaintiff had established personal knowledge, without more, that alone would not be sufficient, because Campos may rely on the judgment of a medical professional in his role as a non-medical supervisor. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (holding that personal knowledge alone was insufficient against supervisory defendant for a denial of medical services claim, because when a prisoner is under the care of a medical professional, the supervisor can presume that the prisoner is in capable hands).

Accordingly, the Court grants the Motion, and dismisses all federal constitutional claims against Campos. However, as the Court has not declined supplemental jurisdiction over Plaintiff's state law claims, *see* 28 U.S.C. § 1367(a), Campos is not dismissed from the case. Campos has yet to respond to additional allegations in the Amended Complaint, such as allegations under state law for intentional infliction of emotional distress and negligence. (*See* Am. Compl. 10-11.) These claims are related to the claims asserted against other defendants, and the Court has not yet dismissed all claims over which it has original jurisdiction. Campos should file a timely response to these additional allegations as required under federal procedural rules. *See* Fed. R. Civ. P. 12(a)(4), 15(a)(3).

## IV. CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**. All federal constitutional claims against Campos are **DISMISSED WITHOUT PREJUDICE**. Campos is not dismissed from suit because he has not responded to the state law claims in Plaintiff's Amended Complaint.

Dated: 12/14/15

Michael A. Shipp, U.S.D.J.