UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAMAL GIBBS,

          Plaintiff,

    v.

UNIVERSITY CORRECTIONAL
HEALTHCARE, et al.,

          Defendants.

Civil Action No.: 14-7138 (MAS)

**MEMORANDUM AND ORDER**

---

*Pro se* Plaintiff Jamal Gibbs has filed the instant civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated. The Court granted Plaintiff *in forma pauperis* status, which entitled Plaintiff to service through the United States Marshal. (Order, Dec. 12, 2014, ECF No. 2.) Presently before the Court is an unexecuted summons returned by the Marshal for Defendant Gladys Tehume, mistakenly pled as Gladys Tettume, (ECF No. 88). It appears that Tehume has refused service because Plaintiff misspelled her name. (*Id.*)

Under the Federal Rules of Civil Procedure, "[a]n individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). When a defendant clearly knows a complaint is directed against her, Plaintiff's mistake in using a misnomer is not good cause to refuse service. *Neal v. Cochran, Cherry, Givens & Smith, P.C.*, 589 F. Supp. 2d 1363, 1365 (N.D. Ga. Dec. 8, 2008) ("Plaintiffs' obvious misnomer of a . . . Defendant . . . does not constitute good cause so as to relieve the Defendant of [its] duty [under Rule 4(d)(1)]."); *cf. Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d Cir. 2006) (finding that an amendment to add a new party to correct a misnomer is sufficient cause

to invoke the relating-back provision of Rule 15(c)). Indeed, the New Jersey appellate court has held that under New Jersey services rules, which govern the service of individuals in this district court, *see* Fed. R. Civ. P. 4(e)(1), a misnomer in a complaint is not a valid ground to vacate a default judgment and dismiss the claims against that defendant. *See Kosson Architectural Aluminum & Glass, Inc. v. T2 Structural Steel, Inc.*, No. L-4313-04, 2006 WL 350164, at *3 (N.J. Sup. Ct. App. Div. Feb. 17, 2006).

IT IS therefore on this 21 day of March, 2016,

**ORDERED** that the Marshal shall re-serve the summons, the Amended Complaint, and a copy of this Order on Defendant Gladys Tehume; it is further

**ORDERED** that Defendant Gladys Tehume is hereby given notice that failure to accept service will result in appropriate sanctions; it is further

**ORDERED** that Plaintiff shall, within thirty (30) days from the date of entry of this Order, file an amendment to correct Defendant Tehume's name; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

/s/ Michael A. Shipp
Michael A. Shipp
United States District Judge
