**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAMAL GIBBS,

        Plaintiff,

v.

UNIVERSITY CORRECTIONAL
HEALTHCARE, et al.,

        Defendants.

Civil Action No. 14-7138 (MAS) (LHG)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

    This matter comes before the Court on Defendant Dr. Ahmar Shakir's ("Dr. Shakir") Motion for Summary Judgment against Plaintiff Jamal Gibbs ("Plaintiff"). (ECF No. 130.) Plaintiff filed opposition (ECF No. 132), and Dr. Shakir replied (ECF No. 134). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court DENIES Dr. Shakir's Motion for Summary Judgment.

**I.    Undisputed Facts**[1]

    On May 24, 2013, Plaintiff, an inmate at the New Jersey State Prison, injured his hand while playing basketball. (Second Am. Compl. ¶¶ 4, 19, 20, ECF No. 93.) On June 20, 2013, after

---

[1] As the parties' Local Civil Rule 56.1 Statements do not adequately address all of the underlying facts applicable to the issues pertinent to the instant Motion—i.e., whether exceptions to the Affidavit of Merit Statute apply to Plaintiff—the Court reviewed the factual record beyond the parties' Rule 56.1 statements. *See Tukes v. Hayman*, No. 10-98, 2011 WL 915382, at *6 (D.N.J. Mar. 9, 2011) ("A judge may relax [Rule 56.1] . . . where the interests of justice so require . . . .").

multiple interactions with medical personnel, Plaintiff met with Dr. Shakir, an orthopedic surgeon.

(*Id.* ¶ 60.) After examining Plaintiff's x-rays, Dr. Shakir put together a treatment plan for Plaintiff:

> The patient is advised to continue range of motion activity as tolerated. The patient['s] . . . fracture is healed on the x-ray . . . intervention is required. The patient is advised to continue range of motion and follow-up is recommended p.r.n.[2]

(Hovey's Cert., Ex. O, at D00260, ECF No. 132-1.)

Plaintiff did not return for a follow-up visit with Dr. Shakir until February 27, 2014. (Pl.'s Opp'n Br. 10, ECF No. 132.) After the visit, Dr. Shakir compiled a report that stated:

> History:
> The patient is a 30-year-old male who presents with an injury to the right ring finger. The patient has had this injury since June 2013. Initially, the patient was treated nonoperatively. The patient was seen late.
>
> When seen the patient could not be operated on. He had a comminuted fracture of the metatarsophalangeal joint of the right finger. This . . . resulted in a deformity and injury and lack of extension.
>
> Physical Examination:
> Physical examination of the right ring finger reveals no sign of infection or inflammation. Obvious deformity associated with a flexion contractures notable. The patient has tenderness over the metatarsophalangeal joint. The patient is able to perform a full composite fist.
>
> Impression:
> Continued fracture with DJD right ring finger metatarsophalangeal joint.
>
> Plan:
> The patient is advised to continue range of motion active as tolerated. Continue to perform strengthening as tolerated. There is no orthopedic intervention that can be performed at this time. He understands and is questioning whether anything could have been done when he was injured. Certainly, if I had seen immediately after the injury th[e]n percutaneous pin[n]ing could be performed.

---

[2] "*Pro re nata*," meaning "as needed" or "as circumstances require."

> However, he understands that no promises can be made in regards to the outcome. Even after surgical intervention and pinning the outcome may be the same. Significant injury to the metatarsophalangeal joint does result in degenerative changes. This joint cannot be fused due to its functionality. Hence, the patient will have to live with the deformity as it is.

(Hovey's Cert., Ex O, at D00169.)

On April 6, 2016, Plaintiff filed a Second Amended Complaint naming Dr. Shakir as a defendant and adding negligence and medical malpractice claims. (Second Am. Compl. ¶¶ 11, 109-14.) On May 6, 2016, Dr. Shakir filed an Answer to Plaintiff's Second Amended Complaint, identifying himself as a "Board Certified Physician" and asserting that the care he provided to Plaintiff was related to his specialty in orthopedic surgery. (Dr. Shakir's Answer 20, ECF No. 105.) As of Dr. Shakir's filing of his Motion for Summary Judgment, Plaintiff had allowed 231 days to pass without providing an Affidavit of Merit to Dr. Shakir.[3] (Dr. Shakir's Statement of Undisputed Material Facts ("SUMF") ¶ 5.)

---

[3] It appears that after Dr. Shakir's Motion for Summary Judgment was fully briefed by the parties, Plaintiff provided an Affidavit of Merit to Dr. Shakir on or around April 13, 2017. (ECF Nos. 147, 148.) Plaintiff has not argued, however, that the Court should consider the Affidavit of Merit with respect to Dr. Shakir's Motion. Moreover, given the dilatory timing of the purported Affidavit of Merit, it does not change the Court's analysis with respect to Dr. Shakir's Motion for Summary Judgment. Plaintiff has also requested a *Ferreira* conference. (ECF Nos. 147, 148.) The Court, however, need not hold a *Ferreira* conference to decide a summary judgment motion against Plaintiff for his failure to provide a timely Affidavit of Merit. *See Brown v. United States*, No. 15-7734, 2017 WL 1064665, at *3 n.2 (D.N.J. Mar. 21, 2017) ("The Third Circuit has instructed that challenges based upon a plaintiff's failure to timely submit an appropriate Affidavit of Merit . . . should be brought as motions for summary judgment as such challenges necessarily involve matters outside the pleadings." (citation omitted)); *see also Endl v. New Jersey*, No. 12-3564, 2016 WL 1224133, at *18 (D.N.J. Mar. 29, 2016) ("[T]he requirement of a *Ferreira* conference does not apply in federal court.").

## II. <u>Legal Standard</u>

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250).

In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 447 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). If the non-moving party fails to:

> make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . there can be "no genuine [dispute] of material fact," [because] a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial.

*Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### III. Parties' Positions[4]

Dr. Shakir moves for summary judgment based on Plaintiff's failure to provide a timely Affidavit of Merit. (Dr. Shakir's Moving Br. 5, ECF No. 130.) Dr. Shakir further asserts that Plaintiff has failed to establish that his claims fall within the limited exceptions to the Affidavit of Merit requirement. (*See* Dr. Shakir's Reply Br. 2-7, ECF No. 134.) Additionally, Dr. Shakir asserts that Plaintiff has not identified "the retained medical professional" for purposes of the Affidavit of Merit. (*Id.* at 4.) Dr. Shakir explains that, without identifying this professional, it cannot be determined whether "the retained medical professional" meets the additional qualifications for experts that are laid out under N.J.S.A. 2A:53A-41. (*Id.*)

In opposition, Plaintiff does not dispute that he failed to file a timely Affidavit of Merit. (Pl.'s Opp'n Br. 2.) Rather, Plaintiff asserts that his claim survives summary judgment because he "is excused from the deadlines set forth in the Affidavit of Merit Statute based on the exceptions for (1) lack of information, (2) common knowledge, and (3) extraordinary circumstances that warrant equitable relief." (*Id.*) Plaintiff argues that, because he does not have access to all of the medical records, he has been unable to obtain an Affidavit of Merit. (*Id.*) Plaintiff asserts that, "[d]espite his and his counsel's best efforts, . . . . [Plaintiff] has yet to receive the relevant and essential x-ray images of his own injured hand taken on June 4, 2013, June 20, 2013, February 6, 2014, February 27, 2014, and October 26, 2015." (*Id.* at 17.)

---

[4] In addition to the parties' positions set forth below, on July 10, 2017, Dr. Shakir requested leave to file supplemental briefing concerning the adequacy of an Affidavit of Merit provided to Dr. Shakir on or around April 13, 2017. (ECF No. 148.) In response, Plaintiff filed correspondence seeking guidance as to whether Dr. Shakir's request constitutes a separate motion requiring briefing. (ECF No. 150.) The instant Motion for Summary Judgment has been pending since December 23, 2016, Dr. Shakir was purportedly provided an Affidavit of Merit on April 13, 2017, and the parties never filed a copy of the Affidavit of Merit. At this time, the Court declines to address the issues raised in Dr. Shakir's request for supplemental briefing. Dr. Shakir may file a separate appropriate motion to raise any outstanding issues.

## IV. Discussion

In New Jersey, a plaintiff is required to file an Affidavit of Merit for medical negligence claims brought against a defendant "within [sixty] days following the date of filing of the answer to the complaint by the defendant." N.J.S.A. 2A:53A-27. The purpose of the Affidavit of Merit Statute is to "weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." *Triarsi v. BSC Grp. Servs., LLC*, 27 A.3d 202, 207 (N.J. Super. Ct. App. Div. 2011) (citation omitted). The Affidavit of Merit Statute requires "an expert opinion, given under oath, that a duty of care existed and that the defendant breached that duty." *Bender v. Walgreen E. Co.*, 945 A.2d 120, 123 (N.J. Super. Ct. App. Div. 2008) (citation omitted).

### A. Applicability of the Affidavit of Merit Statute

To determine whether the Affidavit of Merit Statute applies to a case, courts consider three factors:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of inquiry); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

*Triarsi*, 27 A.3d at 208 (alteration in original) (quoting *Couri v. Gardner*, 801 A.2d 1134, 1137 (N.J. 2002)). Here, it is undisputed, and the Court agrees, that Plaintiff failed to file a timely Affidavit of Merit and that the Affidavit of Merit Statute is applicable to Plaintiff's claims against Dr. Shakir, subject to analysis as to whether certain exceptions apply to Plaintiff. (Dr. Shakir's SUMF ¶ 5.)

### B. Exceptions to the Affidavit of Merit Requirement

There are four limited exceptions to the Affidavit of Merit requirement: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) 'extraordinary circumstances' that warrant equitable relief." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012) (citations omitted). If none of the exceptions are applicable and the plaintiff fails to file a timely Affidavit of Merit, the case should be dismissed. *See Taylor v. Plousis*, 101 F. Supp. 2d 255, 270-71 (D.N.J. June 20, 2000). Here, based on the parties' submissions, it appears that the lack of information exception applies.

The lack of information exception to the Affidavit of Merit requirement is a statutory exception codified in N.J.S.A. 2A:53A-28:

> An affidavit shall not be required . . . if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

Plaintiff has complied with these requirements. In support of his opposition brief, Plaintiff submitted a sworn statement in the form of his counsel's Certification. (*See generally* Hovey's Cert.) The statement provides that Defendants UCHC and Mobilex, failed to provide pertinent medical records, including several x-rays of Plaintiff's injured hand. (*Id.* ¶¶ 3-14.) The Certification further outlines numerous written requests from Plaintiff's counsel to UCHC and Mobilex for those medical records. (*Id.* ¶¶ 5-14.) On January 11, 2017, well after the time period to file a timely Affidavit of Merit elapsed and after Plaintiff subpoenaed UCHC and Mobilex,

7

UCHC provided only some of the requested records and failed to produce x-rays of Plaintiff's injured hand. (*Id.* ¶¶ 15-19.)

In response, Dr. Shakir argues that the unproduced medical records and x-rays do not have a "substantial bearing" on Plaintiff's ability to provide an Affidavit of Merit. (Dr. Shakir's Reply Br. 3.) Under New Jersey law,

> [where] the end result of [a defendant's] non-production [is] the lack of medical records and the lack of an affidavit of merit . . . it should be presumed that the "medical records or other records or information" not produced have had "a substantial bearing on preparation of the affidavit," and that the burden of establishing otherwise should be borne by the party that has not produced the records . . . .

*Aster ex rel. Garofalo v. Shoreline Behavioral Health*, 788 A.2d 821, 825-26 (N.J. Super. Ct. App. Div. 2002). Here, Plaintiff has established that certain documents were not produced and that the nonproduction resulted in his failure to provide a timely Affidavit of Merit. Accordingly, Dr. Shakir bears the burden to demonstrate that the documents withheld did not have a substantial bearing on Plaintiff's ability to prepare an Affidavit of Merit. As Dr. Shakir's alleged negligence must be determined based on the information Dr. Shakir had at the time—e.g., x-rays of Plaintiff's injured hand—the unproduced records have a substantial bearing on Plaintiff's ability to prepare an Affidavit of Merit, and Dr. Shakir has failed to establish otherwise.

Moreover, it appears that Plaintiff's filing of his counsel's Certification was timely under N.J.S.A. 2A:53A-28. "[F]or purposes of determining the timeliness of an application to file a 'sworn statement' under N.J.S.A. 2A:53A-28, the application should relate back to the beginning of [a] plaintiff's efforts to obtain the documents referred to in its application under that provision." *McHugh v. Jackson*, No. 07-2970, 2009 WL 1058078, at *6 (D.N.J. Apr. 20, 2009) (quoting *Aster*, 788 A.2d at 826). As set forth in Plaintiff's counsel's Certification, Plaintiff submitted his first

8

written request for medical records to UCHC on June 21, 2016, which was within the statutory period for Plaintiff to provide Dr. Shakir with an Affidavit of Merit. (Hovey's Cert. ¶ 5.) Additionally, as required under N.J.S.A. 2A:53A-28, more than forty-five days have elapsed since UCHC received Plaintiff's request. (*Id.* ¶¶ 7-10.)

Here, Plaintiff's counsel's Certification does not state that Plaintiff requested medical records directly from Dr. Shakir. Nevertheless, Dr. Shakir states that he "is not in possession of any medical records." (Dr. Shakir's Reply Br. 3 n.1 ("It should be noted that all of Plaintiff's efforts to obtain medical records were directed to [UCHC] and . . . Mobilex. Dr. Shakir is not in possession of any medical records and has played no role in the difficulties [in obtaining medical records] cited by Plaintiff.").) The fact that Dr. Shakir does not possess Plaintiff's medical records supports a finding that Plaintiff correctly requested the records from UCHC and not directly from Dr. Shakir. Accordingly, upon reviewing the totality of the parties' submissions, the Court finds that genuine disputes of material fact preclude the Court from rejecting, as a matter of law, Plaintiff's counsel's sworn statement as a valid substitution for the Affidavit of Merit requirement under N.J.S.A. 2A:53A-28.[5]

---

[5] For example, the Court finds the following issues of fact to be in dispute: the relationship between Dr. Shakir and UCHC, especially as it relates to the custodianship of the pertinent medical records, the futility of requesting medical records from Dr. Shakir, and whether Dr. Shakir received any written requests from Plaintiff regarding the pertinent medical records. It further appears from the record that Plaintiff served interrogatories and document requests on Dr. Shakir and was unable to obtain the outstanding documents, but the parties failed to provide the Court with adequate information pertaining to this issue. (Pl.'s Opp'n Br. 12.) Moreover, Dr. Shakir provides minimal analysis and no cases demonstrating that, based on the unique facts of this case, Plaintiff's written requests to UCHC do not satisfy the requirement that a plaintiff submit written requests to the defendant under the lack of information exception. *See Balthazar v. Atl. City Med. Ctr.*, 816 A.2d 1059, 1062 (N.J. Super. Ct. App. Div. 2003) ("[T]he purpose of the affidavit of merit act is not to provide a sword to defendants that can be used by them to fight off malpractice actions by procrastinating in providing necessary records or information.").

## V. Conclusion

For the reasons set forth above, Dr. Shakir's Motion for Summary Judgment is DENIED. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 20, 2017